UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | No. 1:13-cv-01525-SEB-MJD |
| JOHN DOE, | ) | |
| | ) | |
| Defendant. | ) | |

**SCHEDULING ORDER**
**HON. MARK J. DINSMORE, MAGISTRATE JUDGE**

The Court has become aware of several court opinions from across the country that have raised concerns regarding potentially inappropriate procedures being utilized by plaintiffs in cases similar to the instant case to extract settlements from putative defendants without any intention by the Plaintiff of ever actually litigating the case on its merits. *See, e.g., K-Beech, Inc. v. John Does 1-85*, No. 3:11cv469-JAG, 2011 U.S. Dist. LEXIS 124581, at *6-7 (E.D. Va. Oct. 5, 2011); *Pac. Century Int'l Ltd. v. Does*, C-11-02533 DMR, 2011 WL 5117424, at *2 (N.D. Cal. Oct. 27, 2011); *SBO Pictures, Inc. v. Does 1-3036*; No. 11-4220 SC, 2011 WL 6002620, at *3-4 (N.D. Cal. Nov. 30, 2011); *In re BitTorrent Adult Film Copyright Infringement Cases*, No. 11-3995 DRH, 2012 WL 1570765, at * 9-10 (E.D.N.Y. May 1, 2012). While the Court does not assume that Plaintiff or its counsel have engaged in any improper conduct, the Court will impose the following procedures in this matter to ensure the prompt identification and service of the putative Defendants in this matter:

1.      No later than seven days after receipt by Plaintiff of any response or any other communication relating to a subpoena issued to any Internet Service Provider or any

other person or entity in this matter, Plaintiff shall file under seal in this matter a copy of the subpoena issued and the complete response received, including all communications between Plaintiff or its counsel and the person or entity upon whom the subpoena was served.  In the event Plaintiff received responses to any subpoenas issued in this matter prior to the date of this order, Plaintiff shall file under seal in this matter a copy of the subpoena issued and the complete response and all communications received within seven days of the date of this order.  Plaintiff shall likewise file under seal any subsequent or supplemental responses or communications regarding any subpoenas previously filed within seven days of Plaintiff's issuance or receipt of such response or communication, with reference to the docket number of the subpoena to which such response relates.

2.      Plaintiff, its counsel, and any other person or entity acting for or on their behalf shall hereafter refrain from any communication with any of the putative Defendants without express leave of the Court until after the putative Defendants have been joined as parties in this matter.  The sole exception to this prohibition is that counsel for Plaintiff may arrange to effect service of a Summons and the Complaint upon a putative Defendant once the Complaint has been amended to name such putative Defendant.

3.      Within seven days of the date of this order, Plaintiff shall file under seal a copy of any and all correspondence between Plaintiff or anyone acting for or on behalf of Plaintiff or Plaintiff's counsel and any of the putative Defendants.  Such submission should include any agreements or proposed agreements between Plaintiff and any of the putative Defendants. Such submission shall also include a log of any oral communications between Plaintiff or anyone acting for or on behalf of Plaintiff or Plaintiff's counsel and any of the putative Defendants identifying the date of such communication, the identity of the

individuals who participated in such communication and a summary of the substance of such communication.

4.      Once the Complaint in this matter has been amended to name a putative Defendant and that Defendant has been served with the Summons and Complaint, counsel for Plaintiff may thereafter communicate with such named Defendant(s), or such named Defendant(s)' counsel if they are represented, for any purpose related to the litigation and/or resolution of this matter and is thereafter relieved of the obligation in paragraph 3 to file with the Court copies of any such correspondence with such named Defendant(s).

5.      Within twenty-eight days of the identification through discovery or otherwise of any putative Defendant, Plaintiff shall file an Amended Complaint naming that Defendant and shall undertake immediate efforts to effect service of process upon that Defendant and file such proof of service with the Court.  To facilitate such procedure, Plaintiff is granted ongoing leave of the Court to amend its Complaint without further motion or order, so long as the only amendment of the pleading is to identify and name the putative Defendants in this matter.  All other amendments of the Complaint require proper motion to the Court.  With regard to any of the putative Defendants whose identity is known to the Plaintiff as of the date of this Order, the amendment of the Complaint to name those Defendants required by this paragraph shall be accomplished within twenty-eight days of the date of this order.

Dated:  11/04/2013

Distribution:

All Electronically Registered Counsel

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana