N THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:13-cv-01525-SEB-MJD |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN DOE *subscriber assigned IP Address 50.90.55.202* | ) ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM**

Defendant Doe hereby moves to dismiss the Complaint for failure to state a claim.

**A.    Introduction.**

This case should be dismissed because the complaint fails to state a claim.  Although the Complaint purports to contain a claim of "copyright infringement," careful scrutiny reveals that it does not actually allege any "copying" *by Defendant*.  Moreover it does not even allege any copying *of the movies* that Defendant claims to own.  In addition, Plaintiff's counsel has admitted that the information on which it bases its Complaint is insufficient to establish a prima facie case of copyright infringement.  Specifically, as shown in Exhibit 6, Plaintiff's counsel has conceded that the mere fact that defendant has a an account with an Internet Service Provider is not sufficient to conclude that movies allegedly downloaded using the IP address associated with the account allows an inference that the subscriber undertook the downloading.

**B.    Argument.**

The Complaint fails to state a claim for at least three reasons.

Taking the allegations of the Complaint as true, the *only* "copying" alleged in the Complaint was committed not by Defendant, but by "IPP Limited:"

1

> 19. IPP Limited downloaded from Defendant one or more bits of each of the digital movie files identified by the file hashes on Exhibit A.

(Doc. 1)

The first reason the Complaint fails to state a claim is that it admits that "IPP Limited" is "Plaintiff's investigator." (¶ 18). Thus, the "downloading" (or, in theory, "copying") was done *not by Defendant, but by Plaintiff, through it's investigator, IPP Limited*.

Second, the Complaint does not allege that a *complete* copy of anything was downloaded, only "*one or more bits* of each of the digital movie files identified by the file hashes on Exhibit A." (¶ 19). Alleging that "one or more bits" were copied does not equate to copying *the work Plaintiff claims to own*. The "one or more bits" is merely an "unusable chunk of zeroes and ones." As noted by Judge Wright in his thoughtful opinion awarding sanctions in a virtually identical BitTorrent case:

> "What is more, downloading data via the Bittorrent protocol is not like stealing candy. Stealing a piece of a chocolate bar, however small, is still theft; but copying an encrypted, unusable piece of a video file via the Bittorrent protocol may not be copyright infringement. In the former case, some chocolate was taken; in the latter case, *an encrypted, unusable chunk of zeroes and ones.* And as part of its prima facie copyright claim, Plaintiff must show that Defendants copied the copyrighted work. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). If a download was not completed, Plaintiff's lawsuit may be deemed frivolous."
>
> *Ingenuity 13, LLC v. John Doe*, Order To Show Cause Re Sanctions, 2:12-cv-8333-ODW, CD of CA, February 7, 2013 (Exhibit 2)

The third reason the Complaint fails to state a claim is because what is alleged to have been copied is *not* the *movies* on the Complaint's Exhibit B that Plaintiff claims to own, but the *hash files* listed on the Complaint's Exhibit A. These "hash files" are alleged to "*correlate[] to* copyrighted movies owned by Plaintiff as identified on Exhibit B," but do not comprise the movie files themselves. However, Plaintiff's does not claim any copyrights in the hash files –

2

only the movie files themselves. Thus, alleged copying of uncopyrighted files on Exhibit A does not constitute an allegation that any of the actual movies on Exhibit B have been copied.

In the end, although the complaint calls Defendant an "infringer," it does not actually allege *any* copying of *anything by Defendant*.

Plaintiff's counsel is walking a thin line to avoid a possible Rule 11 violation. He is careful not to allege copying of any movies, because there is no such evidence. Instead, he carefully obfuscates the facts surrounding who is doing what, and exactly what is being copied. While Plaintiff's counsel might be lauded for not over-pleading, his restraint comes at the expense the Complaint being subject to dismissal for failure to state a claim. If Plaintiff wishes to accuse Doe of copying something that is copyrighted by Plaintiff, it should do so in a way that puts its counsel at risk for a Rule 11 violation if he has not performed a reasonable pre-suit investigation.

Here, the only thing alleged to have been copied are "one or more bits" of uncopyrighted "hash files" that "correlate to" movie files. That alleged copying was incomplete, and did not result in a copy of any movie copyrighted by Plaintiff. Moreover, in any event, the copying was done by Plaintiff's investigator, not Defendant. The only facts alleged are that Defendant had an Internet account, that some computer associated with that Internet account held some uncopyrighted "hash files", and that Plaintiff's investigator copied "one or more bits" of one of those hash files. These allegations do not plausibly allege copyright infringement by Defendant, so the Complaint should be dismissed for failure to state a claim.

Exhibit 6 is an email from Plaintiff's counsel regarding an identical "BitTorrent" case filed by Plaintiff's counsel. The undersigned has represented at least 20 other defendants filed in BitTorrent suits filed by Plaintiff's counsel, Mr. Nicoletti. In Exhibit 6, Mr. Nicoletti admits that

3

the originally named Plaintiff, who was merely a subscriber to an Internet account, was the wrong defendant, and Mr. Nicoletti seeks agreement to substitute defendants.  This Motion to Dismiss should be considered in light of the damming admission by Plaintiff – that merely having an Internet account is not sufficient, as a matter of law, to permit an inference that all activity conducted via the IP address associated with the account was undertaken by the subscriber.

### C. This Motion May Be Considered.

This motion does not require Doe to identify himself or herself.  While the Court can explain its reasoning in ruling on this motion, because this motion is based solely on the Pleadings, that reasoning can be made available to the public without the necessity of Doe being identified.

### D. Further Precedent For This Motion.

The court's attention is respectfully directed to the opinion attached as Exhibit 1, which characterizes these BitTorrent cases as follows:

> "Plaintiffs have outmaneuvered the legal system. They've discovered the nexus of antiquated copyright laws, paralyzing social stigma, and unaffordable defense costs. And they exploit this anomaly by accusing individuals of illegally downloading a single pornographic video. Then they offer to settle—for a sum calculated to be just below the cost of a bare-bones defense. For these individuals, resistance is futile; most reluctantly pay rather than have their names associated with illegally downloading porn. So now, copyright laws originally designed to compensate starving artists allow, starving attorneys in this electronic-media era to plunder the citizenry.
>
> Plaintiffs do have a right to assert their intellectual-property rights, so long as they do it right. But Plaintiffs' filing of cases using the same boilerplate complaint against dozens of defendants raised the Court's alert. It was when the Court realized Plaintiffs engaged their cloak of shell companies and fraud that the Court went to battlestations."
>
> *Ingenuity 13, LLC v. John Doe*, Order Issuing Sanctions, 2:12-cv-8333-ODW, CD of CA, May 6, 2013 (Judge Wright)).  (Exhibit 1).

4

Respectfully submitted,

By: s/Paul B. Overhauser
Paul B. Overhauser
**OVERHAUSER LAW OFFICES LLC**
740 W. Green Meadows Dr., Suite 300
Greenfield, IN  46140-4019
Phone: 317-891-1500
Fax: 866-283-8549

**EXHIBITS**

| | |
|---|---|
| 1 | *Ingenuity 13, LLC v. John Doe*, Order Issuing Sanctions, 2:12-cv-8333-ODW, CD of CA, May 6, 2013 (Judge Wright)) |
| 2 | *Ingenuity 13, LLC v. John Doe*, Order To Show Cause, 2:12-cv-8333-ODW, CD of CA, Feb. 7, 2013 (Judge Wright)) |
| 3 | Subpoena to Brighthouse |
| 4 | Order, Malibu Media v. John Doe Order, (May 28, 2013, 3:13-cv-205-SLC, WD WI) |
| 5 | Indiana BitTorrent Suits Filed By Paul Nicoletti |
| 6 | Letter From Plaintiff Requesting Substitution of Defendant |

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing is being filed electronically, and notice hereof will automatically be sent to all counsel of record that participate in electronic filing, by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

By: s/Paul B. Overhauser
Paul B. Overhauser