UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Case No. 1:13-cv-01525-SEB-MJD |
| ) | |
| v. ) | |
| ) | |
| JOHN DOE subscriber assigned IP address ) | |
| 50.90.55.202, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM [CM/ECF 24]**

**I.     INTRODUCTION**

Plaintiff respectfully requests this Court deny the subject motion because Plaintiff's well pled complaint states a plausible claim for relief under Supreme Court precedent. The Honorable John E. Martin of the Northern District of Indiana recently denied a nearly identical motion to dismiss filed by the same defense counsel, holding that "Defendant's Motion to Dismiss for Failure to State a Claim fails to establish any deficiencies in the Complaint." *See Malibu Media, LLC v. John Doe*, 2:13-cv-00055-JVB-JEM, CM/ECF 22, at p. 7 (N.D. Ind. August 16, 2013), Exhibit A. Indeed, no court has ever dismissed one of Plaintiff's BitTorrent copyright infringement complaints pursuant to a 12(b)(6) motion.

Defendant's Motion neglects to address the appropriate standard for dismissing a complaint under Rule 12(b)(6) and the *Twombly* and *Iqbal* pleading requirements. And, Plaintiff pled a plausible claim for relief by alleging that Defendant used the BitTorrent protocol to infringe forty-nine (49) copyrighted works owned by Plaintiff. For the foregoing reasons, as explained more fully below, this Court should deny the subject motion.

1

## II. LEGAL STANDARD

"In considering motions to dismiss for failure to state a claim, '[courts] construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor.'" *Forest River, Inc. v. Heartland Recreational Vehicles, LLC*, 753 F. Supp. 2d 753, 757 (N.D. Ind. 2010). To survive a motion to dismiss, the complaint must present "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, (2009). "A plaintiff [] must provide only 'enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible . . . that he is entitled to relief." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

## III. PLAINTIFF PLED A PLAUSIBLE *PRIMA FACIE* CLAIM FOR COPYRIGHT INFRINGEMENT AGAINST DEFENDANT

Plaintiff's Complaint states a *prima facie* claim for copyright infringement against Defendant. "A plaintiff claiming copyright infringement must show both (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Wildlife Exp. Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 507 (7th Cir. 1994). Plaintiff's Complaint alleges the necessary elements. "Plaintiff is the registered owner of the copyrights set forth on Exhibit B (the "Copyrights-in-Suit.") Complaint, at ¶ 3. "In order to distribute a large file, the BitTorrent protocol breaks a file into many small pieces called bits. Users then exchange these

small bits amongst each other[.]" *Id.* at ¶ 13. "After the infringer receives all of the bits of a digital media file, the infringer's BitTorrent client software reassembles the bits so that the file may be opened and utilized." *Id.* at ¶ 14. "Each bit of a BitTorrent file is assigned a unique cryptographic hash value." *Id.* at ¶ 15. "Once infringers complete downloading all bits which comprise a digital media file, the BitTorrent software uses the file hash to determine that the file is complete and accurate." *Id.* at ¶ 17. "Plaintiff's investigator, IPP Limited, established a direct TCP/IP connection with the Defendant's IP address as set forth on Exhibit A." *Id.* at ¶ 18. "IPP Limited downloaded from Defendant one or more bits of each of the digital movie files identified by the file hashes on Exhibit A." *Id.* at ¶ 19. "On information and belief, Defendant downloaded, copied, and distributed a complete copy of Plaintiff's movies without authorization[.]" *Id.*, at ¶ 20. "Each of the cryptographic file hashes as set forth on Exhibit A correlates to copyrighted movies owned by Plaintiff as identified on Exhibit B." *Id.* at ¶ 21. "IPP Limited downloaded from Defendant one or more bits of each file as listed on Exhibit A. IPP Limited further . . . confirmed through independent calculation that the file hash matched what is listed on Exhibit A. IPP Limited then verified that the digital media file correlating to each file hash listed on Exhibit A contained a copy of a movie which is identical (or alternatively, strikingly similar or substantially similar) to the movie associated with that file hash on Exhibit A." *Id.* at ¶ 22. "IPP Limited connected, over a course of time, with Defendant's IP address for each hash value as listed on Exhibit A." *Id.* at ¶ 23. "By using BitTorrent, Defendant copied and distributed the constituent elements of each of the original works covered by the Copyrights-in-Suit." *Id.* at ¶ 31. "Plaintiff did not authorize, permit, or consent to Defendant's distribution of its works." *Id.* at ¶ 32. "As a result of the foregoing, Defendant violated Plaintiff's exclusive [copy]right[s]." *Id.* at ¶ 33.

By explaining the operation of the BitTorrent protocol and how Defendant used the protocol to infringe Plaintiff's works, the court is able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Defendant's Motion argues that Plaintiff has failed to state a claim for relief because (1) "the only 'copying' alleged in the Complaint was committed not by Defendant but by IPP Limited," (2) "the Complaint does not allege that a *complete* copy of anything was downloaded," and (3) "what is alleged to have been copied is not the movies on the Complaint's Exhibit B . . . but the hash files listed on the Complaint's Exhibit A." None of Defendant's arguments bear on the determination of whether or not Plaintiff pled a plausible claim for relief under the Copyright Act – which it has – and as explained below, each of Defendant's arguments lacks merit.

A. **Plaintiff's Complaint Alleges That Defendant Infringed Plaintiff's Works**

Defendant's first argument attempts to claim that it was Plaintiff's hired investigator who committed the infringement and not the Defendant. Defendant's argument is belied by the face of the Complaint, which clearly alleges that Defendant unlawfully distributed Plaintiff's Works. (*See e.g.* Complaint, ¶¶ 22, 23, 31-33 reproduced directly above.). The software used by Plaintiff's investigator to detect infringement is a passive recipient of data. Plaintiff knows that Defendant distributed Plaintiff's works (in violation of Plaintiff's exclusive rights under 17 U.S.C. § 106) because Plaintiff's investigator established a direct one-to-one connection with Defendant's computer and received a piece or pieces of Plaintiff's copyrighted works directly from Defendant. *Id.* IPP mathematically verified that each piece of data distributed by the computer connected to the internet through Defendant's IP address, correlates to one of the Copyrights-in-Suit. *Id.*, at ¶ 22. And, because Defendant is the subscriber in control of the IP address being used to distribute Plaintiff's copyrighted movies, Plaintiff's allegation that

Defendant is the infringer is plausible. Finally, as stated above, "Plaintiff did not authorize, permit or consent to Defendant's distribution of its works." *Id.*, at ¶ 32.

Plaintiff's investigator also provided a sworn declaration in support of Plaintiff's claims which attests to the detection and investigation process described above. "[T]he facts alleged – that Plaintiff's investigator connected to Defendant's computer and was able to download bits of Plaintiff's copyrighted films from it – if taken as true, support at least a plausible claim that Defendant distributed the copyrighted works. Therefore, the first of Defendant's arguments that Plaintiff has not stated a plausible claim for relief fails." *See* Exhibit A, at p. 6. Plaintiff has alleged sufficient factual matter to state a claim for relief that is plausible on its face and which allows the Court to draw the reasonable inference that Defendant is liable for the infringement alleged. Thus, Defendant's Motion must be denied.

**B. Plaintiff's Complaint Alleges That Defendant Infringed Complete Copies of the Works**

Plaintiff's Complaint alleges that Defendant downloaded a complete copy of Plaintiff's copyrighted works. *See* Complaint, ¶ 20 ("On information and belief, Defendant downloaded, copied, and distributed a complete copy of Plaintiff's movies without authorization as enumerated on Exhibit A.") The declaration of Plaintiff's investigator also states that "[c]omputer(s) using the IP address identified on Exhibit A to the Complaint . . . connected to IPP's investigative server in order to transmit, *a full copy, or a portion thereof,* of each digital media file as identified by the hash values as set forth on Exhibit A to the Complaint." *Declaration of Tobias Fieser in Support of Plaintiff's Motion for Leave to Take Discovery Prior to a Rule 26(f) Conference,* CM/ECF 17-4, at ¶ 13. "Thus, it is alleged that the Defendant may have transmitted the entirety of the protected work." *Patrick Collins, Inc. v. John Doe 1*, 2013 WL 2177787 at *9 (E.D.N.Y. 2013) (denying motion to dismiss based upon similar argument).

Regardless, "copying even small portions of a copyrighted work can constitute infringement." *See* Exhibit A, at p. 6, citing *Harper & Row Publishers, Inc. v. Nation Enter.*, 471 U.S. 539 (1985). *See also Burroughs v. Metro-Goldwyn-Mayer, Inc.*, 683 F.2d 610, 624 (2d Cir. 1982) ("copyright infringement may occur by reason of a substantial similarity that involves only a small portion of each work."); *Murray Hill Publications, Inc. v. Twentieth Century Fox Film Corp.*, 361 F.3d 312, 320 (6th Cir. 2004) ("The misappropriation of even a small portion of a copyrighted work ... may constitute an infringement[.]"); *Universal Pictures Co. v. Harold Lloyd Corp.*, 162 F.2d 354, 361 (9th Cir. 1947) ("To constitute an invasion of copyright it is not necessary that the whole of a work should be copied…"); *MiTek Holdings, Inc. v. Arce Eng'g Co., Inc.*, 89 F.3d 1548, 1554 (11th Cir. 1996) ("the court must find not only that the *portion* of the work copied is original and thus protectable…") (emphasis added); *Patrick Collins, Inc. v. John Doe 1*, 2013 WL 2177787, at \*9 (E.D.N.Y. 2013) (denying motion to dismiss in similar BitTorrent copyright infringement case, holding "the Defendant's assertions are incorrect. A defendant may infringe on the plaintiff's work 'through literal copying of [only] a portion of it.'").

To the extent that Defendant argues that he only downloaded unusable pieces of the works and not full copies, Defendant's argument still fails. That the individual bits may be unusable by themselves does not undermine Plaintiff's Complaint.

> <u>That the individual bits were unusable by themselves is not necessarily fatal to Plaintiff's claim</u> since Plaintiff alleges that those bits became useable, by virtue of BitTorrent's functionality, once the remaining bits were downloaded. <u>Defendant would not be relieved of liability for any bits he did distribute just because remaining bits may have been downloaded from someone other than Defendant. To hold otherwise would allow BitTorrent users a giant loophole through which to escape liability for copyright infringement.</u>

*See* Exhibit A, at pp. 6-7 (emphasis added).

6

Because Defendant's second argument also "does not undermine the sufficiency of Plaintiff's claims," this Court should deny Defendant's Motion. *Id.*

### C. Plaintiff Alleged That Defendant Infringed The Copyrighted Works Listed on Exhibit B With the Designated Hash Values Listed on Exhibit A

Defendant's third argument asserts that Plaintiff has only alleged that hash values have been infringed and not copyrighted works. "This argument fails to consider the quoted paragraphs in the full context of the Complaint. The paragraphs containing this language about 'file hash' values (not 'hash files' as Defendant writes) that 'correlate to' Plaintiff's films serve only to describe how Plaintiff's investigator determined that the files reassembled from bits downloaded from Defendant contained Plaintiff's films." Exhibit A, at p. 7. Indeed, a hash value is merely a unique identifier, like a digital fingerprint, assigned to each digital file (such as Plaintiff's copyrighted movies) shared through the BitTorrent protocol. The BitTorrent protocol works by breaking large files (like Plaintiff's copyrighted movies) into many smaller pieces which BitTorrent peers share between and amongst themselves. Each of the small pieces is assigned a unique identifier (hash value). Complaint, at ¶¶ 11-17. The entirety of the file is also assigned a unique identifier. *Id.*, at ¶ 17. Once all of the pieces of a digital file are received by a BitTorrent peer, the BitTorrent software uses the unique identifiers to ensure that the file is complete, accurate, and usable. *Id.* Here, IPP verified that each piece distributed by Defendant's IP address to IPP's investigative server, correlated to one Plaintiff's copyrighted works as identified by those unique identifiers (hash values) listed on Exhibit A. Thus, Defendant used the BitTorrent protocol to download and distribute those copyrighted movies listed on Exhibit B which were assigned those unique identifiers (hash values) listed on Exhibit A.

> "Plaintiff concludes the description of the investigation by alleging directly that '[b]y using BitTorrent, Defendant copied and distributed the constituent elements of each of the original works covered by [Plaintiff's copyrights].' . . . <u>The facts</u>

7

<u>alleged in earlier paragraphs do not negate this later unequivocal allegation nor make it less plausible.</u>  Therefore, Defendant's argument that Plaintiff never actually alleges files containing Plaintiff's copyrighted works were downloaded from Defendant is unavailing."

Exhibit A, at p. 7 (emphasis added).

>   **D. Every Court to Address the Issue Has Found That Plaintiff's Complaints Survive a Motion to Dismiss**

In every case where Plaintiff has been challenged with a 12(b)(6) motion, the court has found Plaintiff stated a plausible claim.  "Accepting all factual allegations in the Amended Complaints as true, *Iqbal,* 556 at 678, the Court concludes Plaintiff has stated a claim upon which relief can be granted under the Copyright Act." *Malibu Media, LLC v. John Doe 1*, 2013 WL 30648 (E.D. Pa. Jan. 3, 2013).  "These averments state a plausible claim of direct infringement under the Copyright Act." *Id*.  "Having carefully reviewed the allegations in the Complaint and the applicable authorities, the Court will deny the Motion because the Complaint adequately states a claim for copyright infringement." *Malibu Media, LLC v. Pelizzo*, 2012 WL 6680387 (S.D. Fla. Dec. 21, 2012).

> [L]ooking only at the Complaint--which is all the Court can review on a Rule 12(b)(6) motion--there is more than enough facts pleaded to state a claim of copyright infringement.  Plaintiff may not ultimately succeed, but the place to test that is on a Rule 56 motion, or at trial, if necessary. This is the same result the Court reached on the same motion with the same attorneys in the same kind of copyright infringement action. See *Malibu Media v. Roy*, Case No. 12-cv-617 (W.D. Mich.)

*Malibu Media v. Pratt*, 1:12-cv-00621-RJJ (W.D. Mich. March 19, 2013). *See also Malibu Media, LLC v. John Does 1-11*, 1:12-cv-03810-ER, CM/ECF 23 (S.D.N.Y. July 16, 2013) (denying motion to dismiss); Exhibit A.

### E. Defendant's Remaining Arguments Are Not Relevant

Defendant attempts to argue that "merely having an Internet account is not sufficient, as a matter of law, to permit an inference that all activity conducted via the IP address was associated with the account was undertaken by the subscriber," and therefore Plaintiff has failed to state a claim under Rule 12(b)(6). However, "the difficulty that the Plaintiff will ultimately have in proving that the individual John Doe Defendant was the one who actually utilized the IP address to commit the accused copyright infringement is not relevant in the context of a motion to dismiss." *Malibu Media, LLC v. John Does 1-11*, 2013 WL 3732839, at *4 (S.D.N.Y. 2013) (denying motion to dismiss) quoting *Patrick Collins, Inc. v. John Doe 1*, 2013 WL 2177787, at *8 (E.D.N.Y. May 18, 2013) (same).

> While it is reasonably possible that Defendant did not commit the alleged infringement, it is also reasonably possible that Defendant did infringe Plaintiff's copyright based on the allegations set forth in the Complaint, which must be accepted as true for the purposes of the present motion. *Id.* This position has been adopted by numerous courts that have found copyright infringement claims to be sufficiently pled where the defendant was only identified by an IP address. *See, e.g., Patrick Collins, Inc.,* 2013 WL 2177787, at *8; *Malibu Media, LLC v. John Doe 1,* 12 Civ.2078, 2013 WL 30648, at *4 (E.D.Pa. Jan. 3, 2013); *John Wiley & Sons, Inc. v. Doe Nos. 1–30,* 284 F.R.D. 185, 189 (S.D.N.Y.2012); *Malibu Media, LLC v. Pelizzo,* 12 Civ. 22768, 2012 WL 6680387, at * *3–4(S.D.Fla. Dec. 21, 2012).

*Id.*

Finally, Defendant attempts to sway the Court by quoting from Judge Wright's opinion in the Central District of California. The last sentence quoted by Defendant starkly distinguishes the plaintiffs in the *Ingenuity13* case from this Plaintiff. Plaintiff Malibu Media, LLC is not a "shell company" engaged in fraud. "Malibu is *not* . . . a "copyright troll"—i.e., a non-producer who merely has acquired the right to bring lawsuits against alleged infringers. Rather, Malibu is an actual producer of adult films and owns valid copyrights, registered with the United States Copyright Office, in its works." *Malibu Media, LLC v. John Does 1, 6, 13, 14*, 2013 WL

9

3038025, at *1 (E.D. Pa. 2013). Indeed, Plaintiff won the first ever copyright infringement BitTorrent lawsuit to reach trial based upon complaints that alleged nearly identical claims as those at issue here. *See id*. In his Memorandum Report after the conclusion of trial, the Honorable Judge Baylson made a number of significant findings. Importantly, Judge Baylson recognized that: (1) "Malibu . . . expend[s] considerable effort and expense to determine the IP addresses of the infringing parties, and the technology employed by its consultants . . . [is] valid."; (2) "[t]he evidence that Malibu presented at trial was persuasive as to the fact that it had suffered real damages as a result of illegal downloading of its movies through BitTorrent."; and (3) "Malibu . . . satisfied its burden of proof with substantial evidence and deserves a large award." *Id.*, at *2, *8. The same effort, expense, and valid technology that was used in the Bellwether trial was also used to detect and record the infringement in this case. Accordingly, not only has Plaintiff pled a plausible claim for relief sufficient to survive Defendant's 12(b)(6) Motion and satisfy the *Iqbal* and *Twombly* pleading requirements, but this Court has also previously found "that Plaintiff has a likelihood of success on the merits." *Malibu Media, LLC v. Stephenson*, 2013 WL 5348563, at *1 (S.D. Ind. 2013).

IV. **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests this Court deny Defendant's Motion.

Dated: December 23, 2013

Respectfully submitted,

NICOLETTI & ASSOCIATES, PLLC

By:   /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)
36880 Woodward Ave, Suite 100
Bloomfield Hills, MI 48304
Tel: (248) 203-7800
Fax: (248) 203-7801
E-Fax: (248) 928-7051
Email: paul@nicoletti-associates.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

    I hereby certify that on December 23, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:   /s/ *Paul J. Nicoletti*