N THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:13-cv-01525-SEB-MJD |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN DOE *subscriber assigned IP Address 50.90.55.202* | ) ) | |
| | ) | |
| Defendant. | ) | |

**REPLY IN SUPPORT OF MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM (DOC. 24)**

**A.   Introduction.**

Malibu's Opposition completely ignores its telling admission in its email (Doc. 24-6) that it cannot plausibly allege copying based merely on the name of an Internet Service Provider's account subscription.  To the contrary, in that email, Malibu admits that an ISP subscriber it has identified can be "an innocent individual." (Doc. 24-6, p. 1).  Against this backdrop, it is impossible for Malibu to now claim that its allegations of infringement are "plausible."  Indeed, in its Opposition, Malibu does not even attempt to discuss the impact of its damming concession.  By failing to respond, Malibu should be deemed to have conceded that its Complaint does not plausibly allege copying.  *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1043 (7th Cir. 1999) ("[B]y failing to respond responsively. . . [Plaintiff] forfeited her right to continue litigating her claim.").

Doe's motion notes that careful scrutiny of the Complaint reveals that it does not actually allege any "copying" *by Defendant*.  Moreover it does not even allege any copying *of the movies* that Defendant claims to own.  Therefore, the Complaint fails to state a claim.

1

**B.      Repeating The Complaint's Defective Allegations Does Not Cure Them.**

Defendant's motion points out that, upon scrutiny, the compliant does not actually allege any copying *by Defendant*, nor of any *movie copyrighted by Malibu*.  Instead the only alleged "copying" was done by Plaintiff's "investigator," and it was of a "hash file," not a movie.

Malibu counters by regurgitating the allegations of the complaint, and alleging that the critical allegation of copying appears at "Complaint at ¶¶ 18-19."  These supposedly key allegations of copying are:

> 18.     Plaintiff's investigator, IPP Limited, established a direct TCP/IP connection with the Defendant's IP address as set forth on Exhibit A.
>
> 19.     IPP Limited downloaded from Defendant one or more bits of each of the digital movie files identified by the file hashes on Exhibit A.

This first allegation is that "Plaintiff's investigator . . . established a direct TCP/IP connection".  This is not an allegation of "copying" *by Defendant*.  The next allegation is that "IPP Limited downloaded . . . one or more bits".  This too is not an allegation of copying *by Defendant*, nor is it even an allegation of copying a *complete copyrighted* movie by anyone.

Malibu argues that other parts of the complaint that describe the BitTorrent file protocol make up for the shortcomings with its pleadings.  However, the paragraphs referenced by Malibu do not allege any specific action of copying *by the Defendant.*  Describing how the BitTorrent protocol works is like explaining how a copying machine works – it may provide some technical insight, but it is not a substitute for an allegation that *some specific person* made a copy of something.

    **C.**    **Malibu's References To Other Complaints Are Irrelevant and Non-Responsive.**

Next, pages 5 and 6 of Malibu's Opposition reference some sort of ruling from another case, in which the court said, "it is alleged that the Defendant may have transmitted the entirety of the protected work." (p. 5). However, that other case is irrelevant; not only did it involve a different Plaintiff, but Malibu does not attach a copy of the compliant from that other case. Thus, it provides no guidance on whether Malibu's complaint *in this case* states a claim; and more importantly, Malibu's damning email admitting that having an Internet subscription does not equate to copying was not before that court.

Malibu goes on to argue that its "investigator" was able to download *bits* of Plaintiff's copyrighted films from it," and that this can "support at least a plausible claim that Defendant distributed the copyrighted works." This fails for three reasons. The Complaint does not allege that the "bits" comprise a part of the film that Mailbu's claims to have copyrighted. Second, the only copying alleged here is not by Defendant, but by Plaintiff's "investigator." Third, the alleged ability of Malibu's investigator to "download bits" at most permits the inference that Defendant possessed "bits." However, mere *possession* of copyrighted material does not constitute infringement – only *copying* results in infringement.

    **D.**    **The Arguments In Malibu's Brief Do Not Make Up For It's Failure to Sufficiently Plead Copying.**

At page 7 of its Opposition, Malibu again resumes an irrelevant discussion of the BitTorrent protocol and then concludes that Defendant "distribute[d] copies of Plaintiff's copyrighted works". If Malibu and its counsel genuinely assert this, they should have made this allegation in the Complaint, thus subjecting themselves to the scrutiny of Rule 11. But they did not, and they cannot have it both ways.

3

### E.    Decisions Of Other Courts Are Irrelevant.

On page 8 of its Opposition, Malibu cites several cases where courts have apparently held that the complaints withstood a motion to dismiss.  However, Malibu neither submitted copies of the complaints from those cases nor did it attempt to show that the allegations in those complaints were identical to the allegations in the present complaint.  Thus, those other cases provide no guidance for whether the Malibu's complaint *in this case*, states a claim.  Moreover, Malibu does not even attempt to argue that those cases were decided against the backdrop of Malibu's damning email (Doc. 24-6).

### F.    The Outcome of the Pennsylvania Case Is Irrelevant To Whether Malibu's Present Complaint States A Claim.

Page 10 of Malibu's Opposition states that it "won the first ever copyright infringement BitTorrent lawsuit to reach trial earlier this month."  This is an overstatement.  Malibu reached settlements with all but one of the co-defendants in this case and then put on its evidence of "damages" with respect to one co-defendant, Bryan White.  Mr. White did not appear at the trial, so the only evidence heard at the trial was that from Malibu.  Malibu proffered evidence that Mr. White had committed perjury, and no one was present to proffer any contrary evidence.  The court awarded damages of $750 per movie and over $100,000 in sanctions.  Malibu's claim to have "won" this "trial" mischaracterizes the proceeding as having been contested.  More relevantly, the outcome of that proceeding is irrelevant to whether Malibu's *present* Complaint states a claim.

### G.    Conclusion.

The weakness of the allegations in Malibu's complaint must be considered in the context of Malibu own admission that an ISP subscriber it has identified can be "an innocent individual." (Doc. 24-6, p. 1).  Against this backdrop, it is impossible for Malibu to now claim that its

4

allegations of infringement are "plausible," and its Complaint should be dismissed. By failing to even address this argument, Malibu has conceded that its Complaint does not plausibly allege copying. *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1043 (7th Cir. 1999) ("[B]y failing to respond responsively. . . [Plaintiff] forfeited her right to continue litigating her claim.").

          Respectfully submitted,

By:   s/Paul B. Overhauser
      Paul B. Overhauser
      **OVERHAUSER LAW OFFICES LLC**
      740 W. Green Meadows Dr., Suite 300
      Greenfield, IN 46140-4019
      Phone: 317-891-1500
      Fax: 866-283-8549

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing is being filed electronically, and notice hereof will automatically be sent to all counsel of record that participate in electronic filing, by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:   s/Paul B. Overhauser
      Paul B. Overhauser