IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC ) | |
| ) | |
| Plaintiff, ) | Case No.:  1:13-cv-01525-SEB-MJD |
| ) | |
| v. ) | |
| ) | |
| JOHN DOE *subscriber assigned IP* ) | |
| *Address 50.90.55.202* ) | |
| ) | |
| Defendant. ) | |

### SUBMISSION OF ADDITIONAL AUTHORITY IN SUPPORT OF MOTION TO QUASH SUBPOENA (DOC. 25)

Defendant Doe hereby submits as additional authority for its Motion to Quash Subpoena (Doc. 25), the attached Order denying Plaintiff Malibu Media discovery in an identical Bittorrent copyright infringement case, *Malibu Media, LLC v. John Doe*, Case 14-20216-CIV-MORENO (SD Fla., **February 10, 2014**)  (Exhibit 1) (the "Florida Case.")

In the Florida Case, Malibu Media sought leave to serve a subpoena on an Internet Service Provider in an attempt to identify the Doe Defendant.   The Court denied the motion because Malibu had not provided the court with "good cause" to deviate from Rule 26(d), which requires a Rule 26(f) conference before allowing discovery to proceed.

Although this court previously granted Malibu Media's *parte* motion to serve a subpoena, because that motion was *ex parte*, Doe did not have an opportunity to challenge it.  The Order in the Florida Case, provides a basis for quashing Malibu Media's subpoena, namely, that Malibu Media did not and cannot establish "good cause:"

> The test for good cause Plaintiff asks this Court to adopt comes from the second circuit. See *Arista Records, LLC v. Doe J*, 604 F.3d 110, 119 (2d Cir. 2010). "Under the established federal legal system the decisions of one circuit are not binding on other circuits." *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th

1

>Cir. 1981). Further, Plaintiff has cited no cases from this district in its brief. This Court notes that Plaintiff has filed virtually identical briefs in other cases in this district. See, e.g., Malibu Media v. John Doe, 13-cv-61023, D.E. No. 5-1, (S.D. Fla. M ay 3, 2013) (Cooke, J.).
>(Order, p. 2, Exhibit 1)

Similarly, in this case, Malibu Media's Motion to quash also relied on *Arista*, and did not cite any cases from this district in its brief:

> In Internet infringement cases, courts routinely find good cause exists to issue a Rule 45 subpoena to discover a Doe defendant's identity, prior to a Rule 26(f) conference, where: (1) plaintiff makes a prima facie showing of a claim of copyright infringement, (2) plaintiff submits a specific discovery request, (3) there is an absence of alternative means to obtain the subpoenaed information, (4) there is a central need for the subpoenaed information, and (5) defendants have a minimal expectation of privacy. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010)

Malibu's <u>Brief In Support of Motion To Quash</u>, p. 4 (Doc. 17).

The Florida Order cited other reasons for not allowing Malibu Media to conduct discovery before the Rule 26 confernece:

>"The federal courts are not cogs in a plaintiff s copyright-enforcement business model." *Malibu Media, LLC v. John Does 1-10*, 2012 WL 5382304 at *4 (C.D. Cal. June 27, 2012). Plaintiff has filed what amounts to a boilerplate brief to support its motion. The arguments made in this brief do not persuade the Court to deviate from the normal application of Rule 26.
>(Order, p. 2, Exhibit 1)

Just as other courts have concluded that they should not lower themselves to being mere "cogs" in Malibu's "copyright-enforcement business model," neither should this Court.

Malibu's subpoena should be quashed.

2

Respectfully submitted,

By: s/Paul B. Overhauser
Paul B. Overhauser
**OVERHAUSER LAW OFFICES LLC**
740 W. Green Meadows Dr., Suite 300
Greenfield, IN  46140-4019
Phone: 317-891-1500
Fax: 866-283-8549

**EXHIBITS**

| | |
|---|---|
| 1 | *Malibu Media, LLC v. John Doe*, Case 14-20216-CIV-MORENO (SD Fla., February 10, 2014) |

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing is being filed electronically, and notice hereof will automatically be sent to all counsel of record that participate in electronic filing, by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

By: s/Paul B. Overhauser
Paul B. Overhauser