UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) No. 1:13-cv-01525-SEB-MJD |
| JOHN DOE subscriber assigned IP address 50.90.55.202, | ) ) ) |
| Defendant. | ) ) |

**ORDER ON MOTION TO PROCEED ANONYMOUSLY**

This matter is before the Court on Movant John Doe's Ex Parte Motion to Proceed Anonymously. [Dkt. 32.] The Court, being duly advised, **DENIES** the motion.

## I.  Background

This is an action for copyright infringement brought against a defendant, who is identifiable to Plaintiff Malibu Media, LLC only by his Internet Protocol ("IP") address.[1] Movant under anonymity, filed a Motion to Dismiss [Dkt. 24], a Motion to Quash [Dkt. 25] and the instant motion [Dkt. 32]. On January 17, 2014, this Court issued an Order to Show Cause requiring the Movant to, within 14 days from the date of the Order, identify himself for the record or file an *ex parte* motion to proceed anonymously, identifying himself to the Court so that the Court could determine whether there was a conflict of interest. [Dkt. 31.] The Movant did not comply with the Court's order as the Movant has not identified himself for the record and the instant motion, filed 16 days after the Court's Order, does not identify John Doe to the Court,

---

[1] The Court's usage of the pronoun "he" to refer to John Doe reflects the gender of the pseudonym John Doe and not necessarily the gender of the individual the pseudonym represents.

thus eliminating the need to have filed the motion *ex parte*. Notwithstanding the Movant's noncompliance, the Court **DENIES** the motion on its merits.

## II. Legal Standard

Allowing the use of a fictitious name in litigation is disfavored. *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997). "Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." *Id*; *see also Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005) ("The public has an interest in knowing what the judicial system is doing, an interest that is frustrated when any part of litigation is conducted in secret."). A district court has the discretion to permit a party to proceed anonymously only where the party has a privacy right so substantial as to outweigh the "customary and constitutionally-embedded presumption of openness in judicial proceedings." *Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d at 872 (citations omitted).

When evaluating a request to proceed anonymously, courts will consider the following factors to determine whether the party's interest in privacy is so significant as to outweigh the strong presumption favoring identification of litigants: (1) whether the party is challenging governmental activity; (2) whether the party's action requires disclosure of information of the utmost intimacy; (3) whether the action requires disclosure of the party's intention to engage in illegal conduct; (4) whether identification would put the party at risk of suffering physical or mental injury; (5) whether the opposing party would be prejudiced by allowing the party to proceed anonymously; and (6) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system. *Doe v. Ind. Black Expo, Inc.*, 923 F.Supp. 137, 140 (S.D. Ind. 1996). The Court will address these factors below.

### III.     Discussion

Initially, the Movant argues that this Court has already found that this case may proceed with an anonymous defendant in its Order entered October 28, 2013 [Dkt. 20]. The Movant is mistaken and mischaracterizes the Court's Order. While the identity of the putative defendant was *unknown*, this Court allowed Plaintiff to conduct limited discovery to obtain the identity of such unknown defendant. [Dkt. 20.] There is a difference between *anonymous* parties and *unknown* parties. The Court issued a subsequent Scheduling Order to ensure the prompt identification of the putative defendant. [Dkt. 21.] Thus, this Court did not implicitly or otherwise rule that this case may proceed against an anonymous defendant.

The Movant next argues that his identity is irrelevant to this Court's ability to rule on Doe's pending motion to dismiss and motion to quash. The Movant asserts that a ruling on the pending motions can be made simply by examining the four corners of the Complaint. [R. 32 at 2.] As further discussed below, John Doe is not yet a party to this action as he has not been *named* under Rule 10 of the Federal Rules of Civil Procedure. By the Movant's logic, any Tom, Dick, or Harry not affiliated with this case may file a motion to dismiss without proceeding through the proper channels to become a party. This Court does not believe that was the intent of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b) (stating that "a party" may assert one of the enumerated defenses by motion.")

With regard to the factors, the Court finds, and the Movant does not argue, that factors 1 and 3 do not apply to the circumstances of this case. This case does not assert a challenge to any government activity and neither Plaintiff nor the Movant allege any criminal activity.

The Movant's primary argument is that it would be "highly embarrassing" for the Movant to be named as a defendant related to pornographic movies. However, this does not appear to be a case involving "disclosure of information of the utmost intimacy." *See Plaintiff B.*

*v. Francis MRA Holdings, LLC*, 631 F.3d 1310, 1316-19 (11th Cir. 2011) (applying the "utmost intimacy" standard); s*ee also Roe v. Aware Woman Center for Choice, Inc*., 253 F.3d 678, 685 (11th Cir. 2001); *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). Although the Court acknowledges there may be some social stigma attached to viewing pornography, the potential embarrassment does not constitute an exceptional circumstance that would warrant allowing the Movant to proceed anonymously. *Doe v. Megless*, 654 F.3d 404, 408 (3rd Cir. 2011). As other district courts have held, mere embarrassment does not suffice to overcome the public's interest in disclosure. *See Liberty Media Holdings, LLC v. Swarm Sharing Hash File*, 821 F. Supp. 2d 444, 452 (D. Mass. 2011); *Malibu Media, LLC v. John Does 1-25*, No. 2:12-cv-266-FtM-29DNF, 2012 WL 3940142 (M.D. Fla. Aug. 21, 2012).

The Movant also argues that such a social stigma would lead to public humiliation amounting to mental injury. However, the Movant provides no support for this theory.

While Plaintiff does not object to and the Court does not find a reason for which Plaintiff would be prejudiced, the Court does find that the public's interest in openness far outweighs the mere embarrassment the Movant may suffer.

The Movant cites to a case in the Northern District of Indiana as support that other courts have allowed defendants to proceed anonymously. That court relied on Rule 26(c), issuing a protective order, to allow the Doe defendants to proceed anonymously. [Dkt. 32-2, *Malibu Media v. Doe*, 1:12-cv-263-PPS-RBC (N.D. Ind. Nov. 7 2012).] This Court is not bound by the ruling in the Northern District of Indiana. Further, the Court does not believe it has authority under Rule 26(c) to allow the parties to proceed anonymously. That *discovery* rule assumes that Rule 10, publicly naming all parties, has already been satisfied. Fed. R. Civ. P. 10(a); *Megless*, 654 F.3d at 408. Rule 10(a) "illustrates 'the principle that judicial proceedings, civil as well as

4

criminal, are to be conducted in public.'" *Id*. (quoting *Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d at 872). While Rule 26(c) protects persons against whom discovery is sought; it is not a shield against the requirements of Rule 10.

Even if this Court could issue a protective order, the Movant does not allege any facts that would warrant such protection. "It is the rare civil lawsuit in which a defendant is not accused of behavior of which others may disapprove. The nature of the allegations alone do not merit a protective order." *Patrick Collins, Inc. v. John Does 1-54*, No. CV-11-1602-PHX-GMS, 2012 WL 911432 (D. Ariz. Mar. 19, 2012). In other words, in many cases embarrassment over being named a defendant in a lawsuit is an unavoidable part of the litigation process. The proper remedy is not to depart from the "constitutionally-embedded presumption" of openness of judicial proceedings; the remedy is to vigorously defend the lawsuit.

### IV.   Conclusion

For the reasons set forth above, the Ex Parte Motion to Proceed Anonymously [Dkt. 32] is **DENIED**. **IT IS HEREBY ORDERED** that the Movant identify himself for the record within seven (7) days of the date of this Order. Absent that, the Movant is hereby Ordered to Show Cause, within ten days of the date of this Order, why the Motion to Dismiss [Dkt. 24] and the Motion to Quash [Dkt. 25] filed on his behalf should not be stricken. Because the Movant did not identify himself in the *ex parte* motion, the Clerk is directed to remove the seal on the Ex Parte Motion to Proceed Anonymously [Dkt. 32].

Date: 02/24/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Paul J. Nicoletti
NICOLETTI & ASSOCIATES, P.C.
pauljnicoletti@gmail.com

Paul B. Overhauser
OVERHAUSER LAW OFFICES, LLC
poverhauser@overhauser.com